UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**13CV5993**

_____Chiron Watkins_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____See Attachment (1)_____
_____See Attachment (2)_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

COMPLAINT
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☑ Yes ☐ No
(check one)

RECEIVED
AUG 26 2013
PRO SE OFFICE

I.  Parties in this complaint:

A.  List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff    Name _____Chiron Watkins_____
             ID # _____8951300862_____
             Current Institution _____Rikers Island_____
             Address _____AMKC 18-18 Hazen Street_____
                     _____E. Elmhurst, NY 11370_____

B.  List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____See Attachment (2)_____    Shield # _____
                   Where Currently Employed _____
                   Address _____

Defendant No. 2    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 3    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 4    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 5    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

II.    Statement of Claim:

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?
      **Mid hudson Forensic Psychiatric Center**

B.    Where in the institution did the events giving rise to your claim(s) occur?
      **Within the dormatory of Building 3 Ward 31/32**

C.    What date and approximate time did the events giving rise to your claim(s) occur?
      **On or about April 20th, 2013**

D. Facts:

What happened to you?

SEE Attachment (3)

Who did what?

Was anyone else involved?

Who else saw what happened?

## III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

denied the opportunity to get to the source of Migraines when and as needed. Denied medical Attention.
mental stress
Emotional stress

## IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓   No ___

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). _Mid hudson forensic Psychiatric Center_

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ____   No ____   Do Not Know _✓_

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No _✓_   Do Not Know ____

If YES, which claim(s)? _____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _✓_   No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No ____

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? _With The Administration_

   1. Which claim(s) in this complaint did you grieve? _Living Conditions, Medical Concerns, Searches and Seizures. See Attachment_

   2. What was the result, if any? _Questioned about complaint. No Resolution._

   3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _The Administration, City hall, NYC Mental health and Hygiene, Attorney General, The Media  7eyewitness, 10/10 wins_

F. If you did not file a grievance:

   1. If there are any reasons why you did not file a grievance, state them here: _____

   2. If you did not file a grievance but informed any officials of your claim, state who you informed,

when and how, and their response, if any:_____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _I filed my grievance and Requested a CAT scan/MRI and copies of my Lab results and Brought to attention of Living Conditions. See Attachment_

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _$75,000 from each defendant In their Private and offical capacity. All Parties involved with This conflict are in Partnership with The U.S. Government and U.S. ~~~~ department of Justice and are binded To The same oath as their Partnership, To Support The Constitution._

_Denial of medical Attention. failure To comply with Resolution To living Conditions._

VI. Previous lawsuits:

On these claims

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes ____ No ✓

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____

   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

_____

<blockquote>On other claims</blockquote>

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
   Yes ____ No ✓

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

3. Docket or Index number _____

4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes ____ No ____

   If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

_____

ATTACHMENT (1)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Chiron Watkins
            PLAINTIFF(S)

    -against-

Kamlesh Verma, Abraham David, Claudia Fidanque
Venkataraman Radhakrishman, Brent, Gorovoy, Vasquez
Santos, Williams, Noel, Admont, Anozie, Bright, Wiggins

                    DEFENDANT(S)


    I. Parties in this complaint:

    A: List your name, identification number, and the name
and address of your current place of confinement. Do the same
for any additional plaintiffs named. Attach additional sheets
of paper as necessary.

Plaintiff   Name    Chiron Watkins
            ID #    8951300862
            Current Institution    AMKC Rikers Island
            Address 18-18 Hazen st
                    E.Elmhurst, NY 11370

    B: List all defendants name, positions, places of employ-
ment, and address where each defendant may be served. Make
sure that the defendant(s) listed below are identical to those
contained in the above caption. Attach additional paper as
neccessary.
** All Defendants currently employed address is**
Mid- Hudson Forensic Psychiatric Center
2934 ROUTE 17M
New Hampton, NY 10958

ATTACHMENT (2)

```
Defendant No.1    Name Kamlesh Verma     Treatment Team
Defendant No.2    Name Abraham David     Social Worker
Defendant No.3    Name Claudia Fidanque  Treatment Team
Defendant No.4    Name Venkataraman Radhakrishman Treatment Tea
Defendant No.5    Name Brent Treatment Assistant
Defendant No.6    Name Gorovoy    Treatment Team
Defendant No.7    Name Vasquez    Treatment assistant
Defendant No.8    Name Santos     Treatment assistant
Defendant No.9    Name Williams   Treatment assistant
Defendant No. 10  Name Noel Treatment assistant
Defendant No. 11  Name Admont   Treatment assistant
Defendant No. 12  Name Anozie   Treatment assistant
Defendant No. 13  Name Bright   Treatment assistant
Defendant No. 14  Name Wiggins Treatment assistant
```

ATTACHMENT (3)

D.    Facts: Defendants at Mid Hudson has disregarded my healt-h concerns throughout my stay and subjected my living conditions to a unhygentic environment and to cruel and inhumane beha-viors. My constitutional rights were violated by the codified rules such as illegal searches and seizures of persons propert-y without me being present.

Treatment team and Treatment assistants disregarded my complain-ts and my medical concerns.

I was released on June 20th, 20113 and the funds that was in my account have not followed me nor was sent to me within the 30 days of my release from their custody. this action is taking as retaliation for prior complaints


**State of New York**
Andrew M. Cuomo
Governor


Office of Mental Health
44 Holland Avenue
Albany, New York 12229
www.omh.ny.gov

June 10, 2013

Chiron Watkins
Mid-Hudson Forensic Psychiatric Center
P.O. Box 158
New Hampton, NY 10958

RE: your letter received 06/03/13

Dear Mr. Watkins:

I am in receipt of the letter you recently sent to the New York State Department of Health, which was forwarded to the Acting Commissioner of the New York State Office of Mental Health. In your letter, you reference your recent court ordered commitment under CPL 730. You express concerns regarding your current stay at Mid-Hudson Forensic Psychiatric Center, specifically indicating that you are being denied medical attention with regard to migraines and are being offered mental health treatment including medication. You also report that the bathrooms and dayroom are not being cleaned as needed, proper hygiene is not being practiced, and the employees are in violation of the Universal Declaration of Human Rights and the U.S. Constitution.

I have forwarded a copy of your letter to Dr. Shivashankar at Mid-Hudson to ensure that your concerns can be addressed by your treatment team and the facility's risk management department as needed. I encourage you to communicate with your treatment team so they can assist you in receiving the treatment for which you were committed.

Sincerely,

*Suzanne Gladitsch*

Suzanne Gladitsch, LCSW
Mental Health Program Specialist 2

Cc: File
    Dr. Shivashankar, Director of Clinical Services

AFFIDAVIT OF FACTS

May 31st, 2013 AD

CHIRON WATKINS
C# 12951
MID-HUDSON FORENSIC PSYCHIATRIC CENTER
    BOX 158
NEW HAMPTON, N.Y. 10958

To the Investigators:
   I left a message for the investigators on 5/23/2013 AD at about 11 AM. According to Article XIX of the declaration of human rights, I have the right to freedom of opinion and expression without interference and to seek, receive, and impart information and ideas through any media, in which I choose 7EYEWITNESS to do so.( DONSILENCE like TONI YATES @ FACEBOOK).
   I'll like to take this time to discuss the injustice and unlawful acts I am unwillingly subjected to. The reality is I am a living soul in the form of flesh and blood man, full of life and a proud member of the human family. This facility practices violate my God given sovereign rights as well as my constitutional rights of liberty, life, and freedom.
   This facility is acting on behalf of the courts which by doing so means they (employees) are bound to the same oath to support the UNITED STATES CONSTITUTION just as the courts.
   I wish I can express these issues in person. In brief, upon arriving at MID-HUDSON PSYCHIATRIC CENTER I brought to the intake staff attention my medical concerns that I feel is needed. Which was, a CATSCAN/MRI to get to the root of my in spontaneous migraines which has not been granted.
   Because this facility is suppose to be for the ones that are incompetent to presume trial proceedings. The verbal threats and coercion that staff member(s) enforce should not be tolerated by the patients. Promises and/or threats should not be made to take medication. Such acts are poisonous and hazardous to ones health. Especially if the person does not need the medication.
   After explaining to these unlicensed, uncertified, and unprofessional my mental health status, I still have been approached with threats ("The courts sent you here to take medication." "if you want to get out of here you have to take medication.") to take medication, as well as discuss my legal matters amongst those who are not certified in the practice of law. These person(s) should not suggest to anyone how to handle their legal affairs or to hold a class session in a subject pertaining to law. Nor are these third party court officials certified or licensed to impose the usage of medication, the threats in regards to medicated sedation, and threats against ones liberty and freedom due to medication. The use of medication is implied as said necessary for discharge to presume court proceedings.
   With Mid-Hudson being a Psychiatric center. The common areas are in poor health standings and are not being cleaned and sanitized as regularly needed. Some patients do have poor social habits and spit on chairs and walls, urinate in sinks and defecating on the floors. These places are not being cleaned as needed and with no air circulation the bacteria infected air lingering around is detrimental to my health. Patients are subjected to inhumane behaviors such as eating certain foods without the proper eating utensils. That degrades the people of private morals and values. Because of the dominated percentage of the mentally unfit. Illegal searches and seizures of ones private property has occurred in ones absence. Properties inside of living areas are not secure, to where items and legal documents have come up missing because of searches with one not present. As staff(s) claim it to be an environmental search, it's still not valid reason to search and violate ones living space while a person is absent.

AFFIDAVIT OF FACTS

I am aware that the living conditions are not going to be perfect. Yet, this facility is suppose to be better than this in order to provide an environment and opportunity to the mentally unstable aiding in their process to get better and resume court proceedings. With this facility under oath and acting on behalf of the courts they are in violation of their own codified rules and regulation, the facility rights of the patients, the Declaration of Human Rights Articles III, V, and XVII (1& 2) and The United States Constitution Amendment IV. The practices of the inhumane behavior that is governed and enforced by these third party court officials must not continue. That is why I request of you to conduct an investigation on behalf of the facts I've presented.

Names of facility staff
KAMLESH VERMA- TREATMENT TEAM
CLUDIA FIDANQUE- TREATMENT TEAM
ABRAHAM DAVID- SOCIAL WORKER
MR. ANOZIE- TREATMENT ASSISTANT
MR. VASQUEZ- TREATMENT ASSISTANT

Please notify me within seven (7) days of receiving this affidavit.

Sworn to me on this 31st day of may in the year 2013 AD.

NOTARY PUBLIC

DANA LYNN MAHONEY
Notary Public, State of New York
No. 02MA6277635
Qualified in Orange County
Commission Expires March 11, 20_17_

ALL RIGHTS RESERVED.

# AFFIDAVIT OF FACTS

May 7, 2013

To whom it may concern:

I am currently at **Mid Hudson Psychiatric Center** dealing with oppression, coercion, and verbal threats. I am a resident of New York City Kings County and though I was not sentenced by the courts, I was kidnapped and brought to a New York State Facility without court documented minutes of my approval or awareness. According to the **Supreme Court of Kings County,** I was sent to this facility for a .730 mental health evaluation to assure I am fit for trial proceedings even though a plea has not been entered. I did have a prior mental health case dating from 2005 to 2008A.D. When in 2008 A.D my mental health case was closed. Also, I have not taken medication since my incarceration in 2007 – 2010 A.D. As a result upon my release I have completed the mandated parole sentence and have not had a mental health related issue since 2006 A.D.

Yet, I am writing you with my concerns in regards to my stay and functions at this facility. **First,** I am being denied the medical attention that I feel I need. Upon my admission, I brought to the medical staff attention that I suffer from migraines and requested a CAT SCAN/ MRI and a copy of my lab report, in which my request wasn't fulfilled. **Second,** after numerous times of explaining to these unlicensed, uncertified, and unprofessionals— my mental health status I've mentioned above. I am still being threatened ("if you want to get out of here, you have to take the medication." "The Court sent you here to take medication.") to take medications, as well as discuss my legal matters amongst employed staff members who are not licensed nor certified to suggest how to handle my legal situation, or to hold a class session discussing law as a topic. INASMUCH certified or licensed to impose the usage of medication, the threats in regards to medicated sedation and treats against ones liberty and freedom due to medication.

With Mid Hudson being a Psychiatric Center. The dorm and common areas are in poor health standing for the many that are in need of the help this facility does provide. For instances, the bathrooms and dayroom are not being cleaned and sanitized as regularly needed. There are people with real mental health issues and bad hygienic and social habits. Such as, spitting on chairs and walls, urinating in sinks and leaving feces in the shower or on the bathroom floors, etc… Also, the windows aren't open which leaves the stale, bacteria infected air lingering around as the seasons temperatures rise. Proper hygiene isn't being practiced accordingly because of the facility rules and regulations. And, Because of the dominated percentage of the mentally unfit population, Illegal searches and seizures of a person's private living area occurred in a person absence. Due to the fact that properties in the living areas are unsecure items and documents have come up missing because one was not present during search.

Furthermore, the fact that staff employees are in direct violation of **The Universal Declaration Of Human Rights Article # III, V, XV, and XVII(1 & 2 ) and The United States Constitution Amendment # IV.**

I am aware that the livings conditions are not suppose to be perfect, yet according to Article V--- this facility is suppose to be better than this in order to provide an environment and opportunity to the mentally unstable in their process to get better. Because of my temporary stay here, these conditions do affect me. My request would be for you to conduct and authorize a full investigation on behalf of the argument and details presented today. In reference to Article III --- my life, health, and liberty are being threatened by the practices being held at this facility.

Sworn before me on this 9th day of May in the year of our lord 2013.

Notary Public

DANA LYNN MAHONEY
Notary Public, State of New York
No. 02MA6277635
Qualified in Orange County
Commission Expires March 11, 20_13_

All Rights Reserved.

Item No. CW234577870

6-17-2013

To Inmate Account:

I was discharged from your custody on 6-20-13 under C# 12951. It has been 30 days and my funds have not arrived yet. I received a money order for $300⁰⁰ on 6/12/13. Rikers Island cut a check on 6-6-13 for $106⁰¹.

Send a check for my funds in the amount of $406.01 payable to Chiron Watkins B+C # 89513008 addressed to Rikers Island AMKC in a timely manner, 5 business days. Failure to do so will be taken into consideration as retaliation of prior complaints.

Without Prejudice
UCC 1-207/1-308
Chiron Watkins

S.S.

Chiron Watkins # 895-13-00862
AMKC 18-18 Hazen Street
E. Elmhurst, N.Y. 11370

Administration
Mid Hudson Forensic
Psychiatric Center
2834 Route 17M
New Hampton, N.Y. 10958

Attachment B

Form: #7101R, Eff.: 09/10/12, Ref.: Dir. #3376 - page 1 

## City of New York – Department of Correction
## INMATE GRIEVANCE AND REQUEST PROGRAM STATEMENT FORM

| Inmate's Name: Chiron Watkins | Book & Case #: | NYSID # (optional): 02572777M | |
| --- | --- | --- | --- |
| Facility: AMKC | Housing Area: 12 Mod B | Date of Incident: 6-20-13 | Date Submitted: 7/13/13 |

All grievances and/or requests must be submitted within 10 (ten) days after the incident occurred, unless the incident being reported to the grievance coordinator or request must be prepared this statement upon collection by inmate Grievance and Request Program Staff. After 48 hours or if a staff member fails to respond, inmate must provide the grievance number (GRN) that provides the inmate with a copy of this completed form within two business days of receipt.

**Request or Grievance:**
I came from mid hudson on 6-20-13 and my funds did not follow me. mid hudson is 100% liable for $406.01 of my funds. I have been on rikers island for 4 weeks. and nothing yet on 6/6/13 rikers cut a check for $106.01 and sent it to midhudson for me.

**Action Requested by Inmate:**
Copy of the check sent to rikers for $106.01 and contact midhudson and find out about my funds regarding a $300.00 money order and $106.01 Rikers Island check totaling $406.01.

Please read below and check the correct box:

Do you agree to have your statement edited for clarification by IGRP staff?   ☐ Yes  ☐ No
Do you need the IGRP staff to write the grievance or request for you?   ☐ Yes  ☐ No
Have you filed this grievance or request with a court or other agency?   ☐ Yes  ☐ No
Did you require the assistance of an interpreter?   ☐ Yes  ☐ No

Without Prejudice
UCC 1-207 / 1-308

Inmate's Signature: Chiron Watkins

Date of Signature: 7/13/13

IGRP RETAINS THE DOUBLE-SIDED ORIGINAL FOR ADMINISTRATIVE RECORDS.
IGRP MUST PROVIDE A COPY OF THIS FORM TO THE INMATE AS A RECORD OF RECEIPT.

| Time Stamp Below: | Grievance and Request Reference #: | Category: |
| --- | --- | --- |
| | Inmate Grievance and Request Program Staff's Signature: | |

Form MHPA (7/93)

## Mid-Hudson Psychiatric Center
## PATIENT'S ACCOUNT

| PATIENT'S NAME: | CONS. NO. | WARD #: | DATE: | AMOUNT: | |
|---|---|---|---|---|---|
| Chiron Watkins | 12951 | 32 | 6-12-13 | 300.00 | No 39318 |

Three Hundred — DOLLARS 00 CENTS

☐ BANK CHECK   ☐ REFUND CHECK   ☑ MONEY ORDER   ☐ CASH

☐ FACILITY CHECK   ☐ CHECK (personal)   CITY: _____   STATE: _____

☐ S.S. _____ (Month)   ☐ V.A. _____ (Month)   ☐ S.S.I. _____ (Month)

☐ DIRECTOR AS PAYEE   ☑ MAIL   ☐ VISIT

☐ BALANCE FROM PREVIOUS FACILITY   ☐ FOUND ON WARD   ☐ ADMISSION

☐ OTHER  Tommy Watkins

RECEIVED BY: D. ault + SMH

ATTACHMENT (2)

```
Defendant No.1      Name Kamlesh Verma    Treatment Team
Defendant No.2      Name Abraham David    Social Worker
Defendant No.3      Name Claudia Fidanque  Treatment Team
Defendant No.4      Name Venkataraman Radhakrishman Treatment Tea
Defendant No.5      Name Brent Treatment Assistant
Defendant No.6      Name Gorovoy    Treatment Team
Defendant No.7      Name Vasquez    Treatment assistant
Defendant No.8      Name Santos     Treatment assistant
Defendant No.9      Name Williams   Treatment assistant
Defendant No. 10    Name Noel Treatment assistant
Defendant No. 11    Name Admont     Treatment assistant
Defendant No. 12    Name Anozie     Treatment assistant
Defendant No. 13    Name Bright     Treatment assistant
Defendant No. 14    Name Wiggins Treatment assistant
```